## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| *In re:* ) | |
| ) | |
| MOUNTAIN MEN DELIVERY ) | Chapter 7 |
| EIN: 20-8444017 ) | Case No. 17-20053-KHT |
| ) | |
| *Debtor.* ) | |

**TRUSTEE'S MOTION TO APPROVE SALE OF PROPERTY TO LANDLORD FREE AND CLEAR OF LIENS AND OTHER INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND FED.R.BANKR.P. 6004**

Dennis W. King, Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Mountain Men Delivery, Corp. ("*Debtor*"), by and through his counsel, hereby files Trustee's Motion to Approve Sale of Property to Landlord Free and Clear of Liens and Other Interests pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed.R.Bankr.P. 6004 (the "*Motion*"). In support hereof, Trustee states as follows:

### BACKGROUND

1. Debtor filed a voluntary Chapter 7 bankruptcy petition on October 31, 2017 (the "*Petition Date*"). Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate.

2. Debtor was a delivery service company. Debtor would receive, store, ship and deliver merchandise to customers. Debtor would ship for consumers and for merchants, including Wayfair and Crate and Barrel. Debtor leased space from Landlord located at 10875 East 40th Ave., Denver, CO 80239 (the "*Denver Warehouse*").

3. Pursuant to 11 U.S.C. § 541(a), Debtor's assets became property of the bankruptcy estate as of the Petition Date. On the Petition Date, Debtor owned, among other assets, office furniture, warehouse racking, straps and blankets, 5 computers and 3 printers. The majority of Debtor's assets owned on the Petition Date was located at the Denver Warehouse.

4. The warehouse racking located in the Denver Warehouse (the "*Racking*") is bolted to the floor. Trustee is informed and believes that the Racking could be sold to a third party but it would take many days to dissemble and remove the Racking. Further, to remove the Racking will require cutting through the bolts in the floor with a jigsaw. Unless the bolts are sawed off and smoothed out, removal of the Racking may cause damage to the warehouse floor. Therefore, after ongoing discussions, Trustee and 462 Thomas Family Properties, L.P. (the "*Landlord*") have entered into a Purchase and Sale Agreement pursuant to which Trustee has agreed to sell the Racking to the Landlord for $7,000 (the "*Agreement*"). A copy of the Agreement is attached hereto as **Exhibit A**. The Agreement is subject to Bankruptcy Court Approval.

1

5. Section 363(b) of the Bankruptcy Code provides that Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. In the Motion, Trustee is seeking to sell the Racking to the Landlord.

6. Pursuant to 11 U.S.C. § 363(f), Trustee may sell property of the estate under § 363(b) free and clear of any interest in such property of an entity if such entity consents or if such interest is in bona fide dispute.

7. Debtor did not list any secured claims or liens against the Racking. However, after reviewing the Colorado Secretary of State website, Trustee discovered one existing UCC financing statement filed by Corporation Service Company ("*CSC*"), as representative for On Deck Capital ("*On Deck*"). At the meeting of creditors, Debtor informed Trustee that the On Deck loan for which the UCC financing statement had been filed, was paid in full and that the claim scheduled in favor of On Deck on Debtor's bankruptcy schedules in the amount of $230,000 was for a different loan which was unsecured.

8. The financing statement filed by CSC on behalf of On Deck states the debtor as Mountain Men Delivery, LLC dba MMD. On July 24, 2015, Mountain Men Delivery, LLC converted from a limited liability company to a "for-profit" corporation and the name was changed to Mountain Men Delivery, Corp. The new loan with On Deck was with the Mountain Men Delivery, Corp. Trustee reviewed the loan documents between Mountain Men Delivery, Corp. and OnDeck and to the best of Trustee's knowledge, Debtor did not sign a Security Agreement pledging any collateral to secure the new OnDeck loan. Because the new loan was with Mountain Men Delivery, Corp. and because the new OnDeck loan appears to be unsecured, Trustee asserts that the UCC financing on file with the Secretary of State is insufficient to perfect a security interest in Debtor's assets to secure the new loan with On Deck. Therefore, any potential lien claim by On Deck in the Racking are in bona fide dispute and pursuant to 11 U.S.C. § 363(f)(4), Trustee may sell the Racking free and clear of any security interest asserted by On Deck.

9. Trustee is unaware of any other liens or other interests asserted in the Racking and therefore, believes that the Racking may be sold free and clear of all liens and other interests pursuant to 11 U.S.C. § 363(f).

10. Trustee believes that the Agreement is in the best interests of the bankruptcy estate and its creditors. Trustee consulted with his auctioneers to estimate the auction value of the Racking if sold to a third party and removed from the Denver Warehouse. Trustee believes that the purchase price to be paid by Landlord reflects an estimated net value if the Racking had been sold at public auction and had to be removed from the Denver Warehouse.

**WHEREFORE,** Trustee respectfully requests that this Court enter an Order, the form of which is submitted herewith, approving the Agreement and authorizing a sale of the Racking to Landlord free and clear of all liens and other interests pursuant to the terms set forth in the Agreement and granting such other and further relief as the Court deems just and proper.

Dated: February 1, 2018.          Respectfully submitted,

*/s/ Joli A. Lofstedt*
Joli A. Lofstedt, Esq. #21946
CONNOLLY & LOFSTEDT, P.C.
950 Spruce St., Ste. 1C
Louisville, CO 80027
Tel. (303) 661-9292
Fax (303) 661-9555
joli@clpc-law.com

*Counsel for Dennis W. King, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 1st day of February, 2018 a true and correct copy of the documents entitled **TRUSTEE'S MOTION TO APPROVE SALE OF PROPERTY TO LANDLORD FREE AND CLEAR OF LIENS AND OTHER INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND FED.R.BANKR.P. 6004, notice** and **proposed order** were served on the following individuals by electronic means through the Court's ECF program or was mailed, U.S. Postage prepaid, to the parties at the mailing addresses set forth below:

| | |
|---|---|
| United States Trustee<br>USTPRegion19.DV.ECF@usdoj.gov | Dennis W. King, Trustee<br>kingdj7@aol.com |
| Mark J. Berumen, Esq.<br>notices@berumenlaw.com | Mountain Men Delivery<br>10875 E. 40th Ave.<br>Denver, CO 80239-3210 |
| Tryfon Hristopoulos, CPA, MT<br>Hristopoulos & Company, P.C.<br>8480 East Orchard Road, Ste. 3150<br>Greenwood Village, CO 80111 | Devin N. Visciano<br>Senn Visciano Canges P.C.<br>1700 Lincoln Street, Suite 4300<br>Denver, CO 80203 |
| On Deck Capital, Inc.<br>c/o Corporation Service Company, Reg. Agent<br>1900 W. Littleton Blvd.<br>Littleton, CO 80120 | Colorado Dept. of Revenue<br>Attn: Michael S. Hartman, Executive Director<br>PO Box 17087<br>Denver, CO 80217-0087 |
| Internal Revenue Service<br>c/o United States Attorney's Office<br>District of Colorado<br>Attn: Civil Process Clerk<br>1225 17th Street, Suite 700<br>Denver, CO 80202 | Bob Troyer, US Attorney<br>1801 California Street<br>Suite 1600<br>Denver, CO 80202 |
| Internal Revenue Service<br>1999 Broadway<br>MS 5012DEN<br>Denver, CO 80202-3025 | Internal Revenue Service<br>c/o Attorney General Jeff Sessions<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Colorado Attorney General<br>Cynthia H. Coffman<br>1300 Broadway, 10th Floor<br>Denver, CO 80203 |
| City and County of Denver<br>Attn: Mayor Michael Hancock<br>1437 N Bannock St. Room 350<br>Denver, CO 80202 | City and County of Denver - Treasury Division<br>Attn: Steve Ellington-Treasurer<br>201 W. Colfax Ave.<br>Department 1009<br>Denver, CO 80202 |

          /s/ Christy Bevel
    Christy Bevel, Legal Assistant

# PURCHASE AND SALE AGREEMENT

This PURCHASE AND SALE AGREEMENT (the "*Agreement*") is entered into between DENNIS W. KING, Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of Mountain Men Deliver, Corp. ("*Debtor*") in Case No. 17-20053-KHT pending in the United States Bankruptcy Court for the District of Colorado and 462 THOMAS FAMILY PROPERTIES, L.P. (the "*Landlord*"). Trustee and Landlord may be collectively referred to herein as the "*Parties*" or individually a "*Party*".

## RECITALS

A. Debtor filed a voluntary Chapter 7 bankruptcy petition on October 31, 2017 (the "*Petition Date*"). Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate.

B. Debtor was a delivery service company. Debtor would receive, store, ship and deliver merchandise to customers. Debtor would ship for consumers and for merchants, including Wayfair and Crate and Barrel. Debtor leased space from Landlord located at 10875 East 40th Ave., Denver, CO 80239 ("*Denver Warehouse*").

C. Pursuant to 11 U.S.C. § 541(a), Debtor's assets became property of the bankruptcy estate as of the Petition Date. On the Petition Date, Debtor still had assets located at the Denver Warehouse, including but not limited to, warehouse racking (the "*Racking*"). The Racking is bolted to the warehouse floor.

D. After ongoing discussions, Trustee wishes to sell and Landlord wishes to purchase the Racking from the bankruptcy estate pursuant to the terms and conditions set forth above.

## AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing and the mutual covenants contained herein, Trustee and Landlord agree as follows:

1. **Bankruptcy Court Approval**. This Agreement is subject to, and shall not become effective, until it is approved by written order of the United States Bankruptcy Court in the above-mentioned proceeding upon such notice as may be required. Trustee will promptly make application for approval to sell the Racking free and clear of all liens or other interests. If an order approving the Agreement and authorizing the sale of the Racking free and clear of all liens or other interests, the Agreement shall be null and void and of no further force and effect.

2. **Purchase Price**. Upon a final non-appealable order approving this Agreement, Landlord agrees to pay to Trustee a total of $7,000 in good funds (the "*Purchase Price*") to purchase the bankruptcy estate's right, title and interest in the Racking. The Purchase Price shall be made payable to Dennis W. King, Chapter 7 Trustee, and delivered to Dennis W. King, PO Box 460609, Aurora, CO 80046-0609.

3. **Release of Any Claim to Assets Removed from Denver Warehouse**. After the Petition Date, Landlord allowed Trustee access to the Denver Warehouse to remove property of the estate. Landlord releases any claim to property removed by Trustee from the Denver Warehouse. Trustee acknowledges that the pursuant to the Abandonment and Surrender Agreement dated October 27, 2017 entered into by and between Debtor and Landlord provides

Exhibit A

that any property or items that have not been removed by Trustee from the Denver Warehouse have been abandoned.

4. **Enforcement of Agreement**. In the event the United States Bankruptcy Court enters an Order approving the Agreement and any Party thereafter fails to perform any obligation, act or duty herein undertaken, the non-breaching Party may bring any action necessary to enforce the provisions of this Agreement, or recover damages for the breach thereof by the breaching party in the United States Bankruptcy Court for the District of Colorado.

5. **Voluntary Agreement**. Each Party hereto represents and warrants that such Party has consulted with and relied upon legal counsel of such Party's own choosing concerning the terms and consequences of this Agreement. Each Party hereto further represents and warrants that such Party is relying solely upon the Party's own investigation, knowledge, information, belief and judgment of the advice of such Party's own counsel, and not upon any statement, opinions or representations of any other Party hereto or such other Party's attorneys, employees, agents, officers or directors, in executing and delivering this Agreement.

6. **Governing Law and Forum**. This Agreement shall be governed by and construed in accordance with the laws of the state of Colorado, without regard to its internal choice of law rules.

7. **Binding Nature**. Upon execution of this Agreement, it shall be binding upon and inure to the benefit of the Parties hereto and their respective, trustees, successors and assigns. This Agreement shall not be assigned by either Party without the express written consent of the other Party.

8. **Paragraph Headings**. The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation thereof.

9. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. **Facsimile Signature/Electronic Signature**. This Agreement may be executed by facsimile signature or electronic signature which facsimile or electronic signature shall be deemed an original.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

Date: 2-1-18

_____
Dennis W. King, Chapter 7 Trustee of the
bankruptcy estate of Mountain Men Delivery, Corp.

and

462 THOMAS FAMILY PROPERTIES, L.P.

By: _Donald T Conlon_
Name: _DONALD T CONLON_
Title: _Manager_

3